STATE *vs.* PETER PRYHARSKI.

JULY 11, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

CONDON, J. This is an indictment for embezzlement. After the defendant was found guilty and his motion for a new trial was denied he brought the case here by his bill of exceptions to such denial and to numerous other rulings made before and during the trial.

The indictment charges in substance that defendant did at Woonsocket in the county of Providence on divers dates between March 1, 1951 and March 31, 1951, embezzle lead of the value of $2,983.12 belonging to the city of Woonsocket, defendant at the time being an "officer, agent, clerk or servant" of said city and said property coming into his possession and under his care "by virtue of his being such officer, agent, clerk or servant." The indictment was found by a grand jury attending the superior court sitting at Providence for the counties of Providence and Bristol. The grand jury consisted of nineteen jurors drawn from Providence county and two from Bristol county.

Before trial defendant filed sixteen pleas in abatement to the indictment on the ground that the grand jury was illegally constituted, first, because of the presence thereon of the jurors from Bristol; and secondly, because certain other jurors were not drawn in strict accordance with the statute making provision therefor. For the same reasons he filed a challenge to the array. He also filed a motion to quash the indictment which motion was based in part on such reasons. The trial justice overruled the challenge and the pleas in abatement, and denied the motion to quash.

The first plea in abatement raises the question of the validity of the grand jury because of the presence thereon of the jurors drawn from Bristol county. In support of the

plea defendant contends that a grand jury so constituted for Providence county is illegal and the indictment returned thereby is void. He argues that the only legal grand jury in this state is a common-law grand jury, and he cites as authority for this proposition *Opinion to the Governor*, 62 R. I. 200. Such a grand jury, he contends, consists of only the inhabitants of the county for which they are sworn to inquire, citing 2 Wharton's Criminal Procedure (10th ed.), §1279, p. 1740.

The defendant further concedes that the instant grand jury was called to attend the superior court sitting at Providence for the counties of Providence and Bristol in accordance with general laws 1938, chapter 498, §2, as amended by public laws 1939, chap. 704. However, he argues that such statute does not combine those counties as one and that it should not be so construed. He does not challenge the constitutionality of the statute, although he does claim that a construction thereof which in effect obliterates the separate and distinct character of each county could very well raise a serious question of constitutionality.

We have carefully considered the above contentions and are of the opinion that we must take the statute as we find it. Its language seems to imply that both counties are to be treated as a unit. At least that is the way the superior court has construed and applied it for many years, apparently without objection from the bar until the instant case. In criminal matters it has treated the statute as authorizing the impaneling of one grand jury for both counties composed of jurors from both to inquire into crimes alleged to have been committed in either county. Since that construction of the statute was adopted the general assembly has met annually and has had occasion to amend the statute but it has never indicated that such construction was contrary to its intention. In the circumstances we are not at liberty now to adopt a different construction. Therefore, in the absence of any constitutional objection, the trial justice did

278

not err in following the statute as thus construed and applied and in overruling the first plea.

The other fifteen pleas in abatement are based on grounds relating to the manner in which the jury commissioner drew certain jurors for service on the grand jury and excluded others. The defendant contends that in performing this function of his office the commissioner did not act strictly in accordance with the authority conferred upon him by law. Assuming without deciding that this may be so, we are nevertheless of the opinion that there was such substantial compliance in the circumstances here as to preclude a holding that the indictment was void, especially since it does not appear that defendant was thereby deprived of the benefit of a fair and impartial grand jury. Hence, the trial justice did not err in overruling said pleas.

The challenge to the array being based upon the same grounds as the pleas in abatement, it was also properly overruled by the trial justice. Likewise the motion to quash the indictment in so far as it was based on those grounds was properly denied. All of defendant's exceptions to those rulings are therefore overruled.

However, the motion to quash attacked the indictment on the following additional grounds, namely, that it was vague, indefinite, uncertain and duplicitous; that it did not sufficiently inform defendant of the nature and cause of the accusation against him; and that the allegations therein were insufficient to bring a case within the statute or to inform him of his status whether as official, agent, employee or servant in committing the alleged crime. The defendant's principal contention in support of this motion is that the indictment as drawn does not inform him whether he is charged with possession of the embezzled property as an official, or an agent, or an employee, or a servant of the city of Woonsocket.

On the strength of *State* v. *Colwell*, 3 R. I. 284, he argues that an indictment which charges in the disjunctive is fatally

defective. In that case the offense itself was charged in the disjunctive and the court quite properly held the indictment was fatally defective because the defendant could not know therefrom which of the offenses he was charged with and would be required to defend. Here the offense is not charged in the disjunctive. It is the status or relation of defendant to the city of Woonsocket which is claimed to be in doubt because it is so charged. But we do not think that this works the same serious hardship upon defendant in preparing his defense as does a duplicitous charge of the offense. The defendant knows his own status as an employee of the city and if there was any uncertainty in his mind about it or if he felt that the manner of charging it unfairly hampered or burdened him in preparing his defense, he had a right under G. L. 1938, chap. 625, §3, clause 7, to demand a particularization of this part of the charge so as to make it more definite and certain. In view of such right, cases cited by defendant from other jurisdictions to sustain his contention are not in point and need not be discussed. In our opinion, therefore, the trial justice did not err in denying the motion to quash, and the exception to such denial is overruled.

During the trial defendant took numerous exceptions to rulings admitting or excluding evidence and he has prosecuted many of them in his bill of exceptions. However, he has briefed and argued only one, namely, exception numbered 10 to the trial justice's refusal to allow witness Rose, the city clerk of Woonsocket, to answer the following question: "Q. Now, do you have any record given to you by the city auditor or the Commissioner of Public Works of any amount of lead owned by the City of Woonsocket between the first day of March 1951 and the 31st day of March 1951?" The defendant contends that such inquiry was highly relevant and material to one of the principal issues in the case. That issue was whether the lead alleged to have been embezzled was in fact the property of the city

of Woonsocket. It is urged that such inquiry would have developed whether or not the lead in question had ever been inventoried as the property of the city and carried as such on its official records.

We do not see how this ruling could have deprived defendant of any evidence of value to him. The absence of such a record would not necessarily contradict the state's evidence that the lead in question belonged to the city. In any event assuming that it was error to disallow the question, we do not think the error was prejudicial in view of the theory of defendant's defense and the evidence he adduced to support it. His whole defense was that he had never taken, sold, or disposed of any lead belonging to the city and that the lead in his custody as superintendent of the water works remained in a warehouse or shed in the city yard. He denied on the witness stand that the amounts of lead which the state's witnesses had stated were taken therefrom were ever there; that he had ever sold any of that lead to anyone; and that he knew of no one having come to the yard and bought any such amounts of lead. In such circumstances it is clear that the existence or nonexistence of a record in the city clerk's office was not of such relevance or materiality as to warrant us in holding that the exclusion of the question vitiated the trial. The exception to the trial justice's ruling is therefore overruled. All other exceptions taken during the trial being neither briefed nor argued are deemed to be waived.

At the conclusion of the evidence the defendant moved for a directed verdict on the ground that the state had introduced no evidence to prove that the lead in question was the property of the city. From our reading of the transcript we find no merit in said ground. The defendant makes the same contention in support of his exception to the denial of his motion for a new trial. Such contention is predicated almost wholly on the fact that the state did not prove that the lead in question was inventoried and recorded in the

official records of the city. This is the same argument which was advanced in support of the exception to the exclusion of the above-quoted question addressed to city clerk Rose.

There was uncontradicted evidence that this lead had been taken from the city's water system in the streets; that it had been melted down and molded into bars and stored in a shed in the city pipe yard for a long period of years; that from time to time as occasion arose the water department took lead from such supply to repair city hydrants; and that at one time an inventory of the amount on hand had been made for the superintendent of that department. There was no evidence that another at any time had ever claimed ownership of such lead or had ever contested the city's exercise of proprietary dominion over it. In our opinion the trial justice on such a state of the evidence could not properly have granted the motion to direct a verdict for defendant based on the issue of ownership. We are also of the opinion that in view of such evidence there was substantial support for the verdict and for the decision of the trial justice denying defendant's motion for a new trial. The exception to the denial of each motion is, therefore, overruled.

In the course of charging the jury as to the obligation of the state to prove the time when the offense was committed the trial justice stated: "* * * so that the state has the burden of proving that Mr. Pryharski did between these dates, March 1 and March 31, 1952, both dates inclusive, or on any day prior to the return of the indictment by the grand jury and within the statute of limitations, with force and arms * * *" commit the offense. The defendant excepted thereto on several grounds but the principal ground is that the trial justice erred in extending the field of inquiry beyond the period specified in the state's bill of particulars, namely, March 1, 1951 to March 31, 1951. In our opinion the trial justice's reference to the dates

March 1 to March 31, *1952* would seem to be a typographical error in the transcript or an inadvertence on his part, since neither in the indictment nor anywhere in the state's evidence is there any mention of the year 1952.

On the other hand that part of his statement, "on any day prior to the return of the indictment," is undoubtedly error as the state is confined to its bill of particulars. In the absence of such particulars his statement would have been consistent with the law as laid down in *State* v. *Davis*, 39 R. I. 276. The trial justice apparently overlooked the fact that by .its bill of particulars the state had limited its area of proof. Ordinarily such error would without question be prejudicial to the defendant, but in this instance we are satisfied that it could not possibly have had such effect. As indicated above, the only evidence which the state presented to prove the time when the offense was committed was within the month of March 1951. No other month or year was mentioned by any witness. Nor do the documentary exhibits indicate the possibility of a different prior time in which the offense may have been committed. In such circumstances we must overrule defendant's exception on the ground that the portion of the charge objected to, although erroneous on its face, was not prejudicial.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

### ON MOTION FOR REARGUMENT.

#### JULY 26, 1955.

PER CURIAM. After our decision in the above case the defendant asked and received permission to file a motion for reargument. In support thereof his counsel has stated certain reasons on which he bases his contention that justice requires a reargument of the case. We have carefully considered such motion and reasons and we are of the opinion

that they raise no question which in the circumstances warrants reargument.

Motion denied.

*William E .Powers, Atty. Gen., Edward F. J. Dwyer, Ass't Atty. Gen.,* for State.

*Irving I. Zimmerman,* for defendant.